UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS DUANE TRACY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01290-JRS-DML |
| ) | |
| DUSHAN ZATECKY, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING UNOPPOSED MOTION FOR SUMMARY JUDGMENT
EXHAUSTION OF ADMNISTRATIVE REMEDIES**

Plaintiff Thomas Tracy brings this action pursuant to 42 U.S.C. § 1983, alleging the defendants were deliberately indifferent to unsanitary conditions of confinement at Pendleton Correctional Facility in violation of his Eighth Amendment rights. Dkt. 2. On December 21, 2020, the defendants filed a motion for summary judgment, arguing that Mr. Tracy's claims are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Mr. Tracy did not file a response, and the time to do so has passed. For the reasons explained below, the unopposed motion for summary judgment is **DENIED**.

**I.
BACKGROUND**

**A. Offender Grievance Process**

The Indiana Department of Correction ("IDOC") maintains an Offender Grievance Process, which provides inmates with an administrative means to resolve concerns and complaints relating to their conditions of confinement. Dkt. 35-1, para. 5; dkt. 35-2, p. 1. Inmates are made aware of the Offender Grievance Process during orientation and have continual access to the policy in the law library. Dkt. 35-1, para. 24-25. Through the Offender Grievance Process, offenders may

grieve the "staff treatment of offenders" or "actions of individual staff" or "any other concerns relating to conditions of care or supervision" within the Department. *Id.* at para. 22.

During the time period relevant to this lawsuit, the Offender Grievance Process consisted of the following steps: (1) A formal attempt to solve a problem or concern following unsuccessful attempts at informal resolutions, (2) A written appeal to the Warden/designee; and (3) A written appeal to the Department Grievance Manager. *Id.*, para. 10; dkt. 35-2, p. 3.

Regarding the appeal to the Department Grievance Manager, the Offender Grievance Process provides the following direction:

> If the offender wishes to appeal the Warden's/designee's appeal response, the offender shall check the "Disagree" box, sign, and submit the completed State Form 45473, "Offender Grievance Appeal," and any additional, pertinent documentation to the Offender Grievance Specialist within five (5) business days of receipt of the Warden's/designee's appeal response.

Dkt. 35-2, p. 12.

### B. Mr. Tracy's Claim and Grievance History

Mr. Tracy previously lived in G-Cell House at Pendleton Correctional Facility. Dkt. 2. During the time he was living there, a group of inmates who had been hired to clean the unit were fired *en masse*. *Id.* Following these terminations, the level of sanitation dropped precipitously, causing Mr. Tracy to contract staph infection and thrush. *Id.* He alleges the defendants were aware of these unsanitary conditions and failed to take reasonable corrective action. *Id.*

Mr. Tracy submitted a formal grievance and a facility-level appeal complaining about the unsanitary conditions in G-Cell House. Dkts. 35-1, para. 30; dkt. 35-3. The facility-level appeal was denied on May 1, 2019. Dkt. 35-3, p. 2. On May 2, 2019, Mr. Tracy signed the facility-level appeal form and checked a box stating, "Disagree with facility appeal response. Send Appeal to Department Offender Grievance Manager." *Id.* He also submitted a two-page, handwritten

document setting forth the grounds for his department-level appeal, which is dated May 7, 2019. *Id.* at 3-4.

## II.
## LEGAL STANDARD

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). A party must support any asserted disputed or undisputed fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party may also support a fact by showing that the materials cited by an adverse party do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the only disputed facts that matter are material ones—those that might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609−10 (7th Cir. 2018). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited

materials and need not "scour the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trs of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

The plaintiff has failed to respond to the defendants' motion for summary judgment. Local Rule 56-1 requires the non-moving party to respond to a motion for summary judgment and identify the factual disputes that may "demonstrate a dispute of fact precluding summary judgment." The "failure to respond to a motion for summary judgment as mandated by the local rules results in an admission." *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-96 (7th Cir. 1997).

The Seventh Circuit has "repeatedly held that the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions." *Patterson v. Ind. Newspapers, Inc.,* 589 F.3d 357, 360 (7th Cir. 2009); *see also Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). "It does not follow, however, that district courts cannot exercise their discretion in a more lenient direction: litigants have no right to demand strict enforcement of local rules by district judges." *Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013); *see Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011) ("We have not endorsed the very different proposition that litigants are entitled to expect strict enforcement by district judges. Rather, it is clear that the decision whether to apply the rule strictly or to overlook any transgression is one left to the district court's discretion." (citation and quotation marks omitted)).

Although Mr. Tracy has not filed a response, the Court exercises its discretion to take a closer look at the record. As explained in more detail below, Mr. Tracy's grievance records clearly and directly contradict the defendants' statement that he failed to submit a department-level appeal to the Department Grievance Manager, precluding summary judgment on the defendants' exhaustion defense.

## III.
## DISCUSSION

The substantive law applicable to this motion for summary judgment is the PLRA, which provides, "No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted).

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90. Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion is an affirmative defense, and the defendant in this case bears the burden of demonstrating that the plaintiff failed to exhaust all available administrative remedies before he filed this suit. *Kaba v. Stepp*, 458 F.3d 678, 680-81 (7th Cir. 2006).

The defendants concede that Mr. Tracy submitted a formal grievance and a facility-level appeal regarding the unsanitary conditions in G-Cell House, but they argue that he did not fully exhaust his administrative remedies because he "failed to return his signed appeal from the Warden to be sent to Central Office for the Final appeal process." Dkt. 35, pp. 5-6.

5

This statement is directly contradicted by Mr. Tracy's IDOC grievance records, which the defendants have submitted in support of their motion for summary judgment. *See* dkt. 35-3, pp. 2-4. Mr. Tracy checked a box on his returned facility-level appeal form indicating that he disagreed with the outcome and wished to appeal the decision to the Department Grievance Manager. *Id.* at 2. This is the procedure set forth in the IDOC Offender Grievance Process. Dkt. 35-2, p. 12. The evidence does not suggest, and the defendants have not argued, that Mr. Tracy failed to complete this step within five business days, as the grievance process requires. There is evidence in the record suggesting that Mr. Tracy fully exhausted his available administrative remedies before bringing this lawsuit. Accordingly, the motion for summary judgment is **DENIED**.

## IV.
## SUMMARY AND FURTHER PROCEEDINGS

For the reasons explained above, the defendants' motion for summary judgment, dkt. [34], is **DENIED**.

The record before the Court shows that Mr. Tracy is entitled to summary judgment on the defendants' exhaustion defense. Pursuant to Rule 56(f)(1), the Court gives the defendants notice of its intent to grant summary judgment in Mr. Tracy's favor on this issue. The defendants have until **March 12, 2021**, to respond to the Court's proposal. Alternatively, defendants may withdraw their affirmative defense by this date.

**IT IS SO ORDERED.**

Date:  3/1/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

THOMAS DUANE TRACY
143799
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Jordan Michael Stover
INDIANA ATTORNEY GENERAL
jordan.stover@atg.in.gov

Samantha May Sumcad
INDIANA ATTORNEY GENERAL
samantha.sumcad@atg.in.gov